NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO FRANCISCO NAVAS, | No. 19-71279 |
| Petitioner, | Agency No. A074 218 742 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2020[**]
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and BURGESS,[***] District
Judge.

Petitioner Gerardo Francisco Navas, a native and citizen of El Salvador,

entered the United States without inspection as a child in or about 1987. He obtained

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Timothy M. Burgess, United States Chief District Judge
for the District of Alaska, sitting by designation.

legal permanent resident status on April 12, 1996. On March 26, 2018, Petitioner was served with a notice to appear ("NTA") alleging that he had been convicted of an aggravated felony in 2016 and was consequently removable.

The immigration judge ("IJ") found Petitioner removable. Subsequently, Petitioner filed an application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Petitioner also filed a motion to terminate proceedings, arguing that the IJ lacked jurisdiction because the NTA did not include a date, time, or location of the hearing. The IJ denied Petitioner's motion to terminate. Following his individual hearing, the IJ denied Petitioner's application for asylum, withholding of removal, and CAT relief. Petitioner appealed to the Board of Immigration Appeals ("BIA"), challenging only the IJ's determination that he was ineligible for CAT relief. The BIA dismissed his appeal.

The petition for review before us argues that the IJ lacked jurisdiction because the NTA was deficient; that the IJ erred in finding that Petitioner's conviction was for a "particularly serious crime"; and that the BIA's determination that Petitioner did not show a likelihood of torture was not supported by substantial evidence. We dismiss the petition in part and deny it in in part.

In his appeal to the BIA, Petitioner did not claim that the NTA was deficient.[1] Assuming Petitioner's failure to exhaust this purportedly jurisdictional challenge is not a bar to relief, *Agonafer v. Sessions*, 859 F.3d 1198, 1202 (9th Cir. 2017), the argument is directly foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("[T]he lack of time, date, and place in the NTA sent to [the petitioner] did not deprive the immigration court of jurisdiction over [their] case.").

Petitioner also did not challenge before the BIA the IJ's determination that he had been convicted of a particularly serious crime and is consequently ineligible for withholding of removal. Therefore, he has failed to exhaust the issue and we have no jurisdiction to decide it. *Arsdi v. Holder*, 659 F.3d 925, 928 (9th Cir. 2011).

The only issue Petitioner raised in his appeal to the BIA was whether the IJ's determination that Petitioner was ineligible for CAT relief was supported by substantial evidence. Having reviewed the record, we find that substantial evidence supports the agency's denial of CAT relief because Petitioner has failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if he returned to El Salvador. *See Delgado-Ortiz v.*

---

[1] It is peculiar that Petitioner disavowed this argument before the BIA despite raising a similar argument before the IJ in his motion to terminate. Petitioner's claim that the NTA was deficient concerns the agency's regulations. Yet, by failing to raise it before the BIA, he deprived the agency of the opportunity to interpret its own regulations—a task to which it is particularly well-suited. We do not speculate as to his reason for taking this approach.

*Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that generalized evidence of violence and crime in the petitioner's home country is insufficient to meet the standard for CAT relief); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (holding that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence").

The petition for review is **DISMISSED** in part and **DENIED** in part. All pending motions are **DENIED** as moot.